HOOPER, Chief Justice
(dissenting).
I must respectfully dissent. The petitioner presents the following in his brief to this Court. McMillan entered into a partnership and personally guaranteed several loans made to the partnership. He subsequently personally repaid several of the partnership loans, paying not only his share of the loans, but the entire amount of the loans, including the shares attributable to his partners. When he filed his personal income tax return, McMillan tried to deduct the amount of these repayments; the Department of Revenue disallowed the deduction and, after a hearing, the Department’s administrative law judge held that he could deduct only that amount of the loans proportionate to his share in the partnership, because, it said, McMillan had taken no action to collect from his partners the amount he had paid and he had not shown that his partners were insolvent. McMillan appealed to the circuit court, which denied the appeal, and the Court of Civil Appeals affirmed the circuit court’s ruling without opinion.
I think granting the writ of certiorari to review the record in this case would be valuable for the following reasons. As a partner, McMillan is jointly and severally liable for the debts of the partnership. McMillan could not refuse to pay the partnership debts on the ground that the other partners were insolvent. Therefore, I think that it is improper for the State to require McMillan to prove that his partners are insolvent in order to receive the tax benefits of paying the partnership debts, for which he is legally liable. Furthermore, I consider it inequitable for the State to require a taxpayer to take action against his own partners before getting the benefit of a tax deduction. However, without granting the writ of certiorari, we cannot address any of these issues. I would grant the writ; therefore, I must dissent.